# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

1:18-1353

**ARNOLD J. HARRIS**
1100 PIKE STREET
HUNTINGDON, PA. 16654
*Plaintiff*

RECEIVED SCRANTON
JUL 0 9 2018
PER ___ DEPUTY CLERK

CIVIL ACTION NO.

VS.

CIVIL COMPLAINT

JURY TRIAL FILED YES ___ NO ___
SCRANTON
JUL 0 9 2018
PER ___ DEPUTY CLERK

**K. KAUFFMAN,** *SUPERINTENDENT*
**G. RALSTON,** *UNIT MANAGER*
*Defendants*

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS
___ 28 U.S.C. § 1331 – FEDERAL OFFICIALS

## I. PREVIOUS LAWSUITS: Do Not combine with 1:15-cv-1411

Non-enforcement of the "No-Smoking" policy, which is not enforced at SCI Huntingdon Facility, in the Middle District Court
Arnold J. Harris v. J.A. Eckard, et al., Civil Action Number: 1:15-cv-1411
Honorable Judge, Yvette Kane

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a prisoner grievance procedure available at your present institution?
Yes ✓  No ___

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  Yes ✓  No ___

C. If your answer to "B" is <u>Yes:</u>

1. What steps did you take:  I filed a grievance, appealed response to Facility Manager, appealed to Final Review.
2. What was the result?  Denied. Grievance has no merit.

## III. DEFENDANTS

1. **Name of first defendant:** K. Kauffman
   **Employed as:** Superintendent
   **Mailing address:** 1100 Pike Street, Huntingdon, Pa. 16654

2. **Name of second defendant:** G. Ralston
   **Employed as:** Unit Manager
   **Mailing address:** 1100 Pike Street, Huntingdon, Pa. 16654

## IV. STATEMENT OF CLAIM

### Jurisdiction and Venue

1. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Arnold J. Harris seeks declaratory relief pursuant to 28 U.S.C. Section 2201 & 2202. Plaintiff Harris claims for injunctive relief are authorized by 28 U.S.C. and Section 2283 & 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. Venue properly lies in the district pursuant to 28 U.S.C. Section 1391(b)(2) because the events giving rise to this cause of action occurred at Huntingdon Correctional Facility, in the city and state which is located within the Middle District of the state.

### PLAINTIFF

3. Plaintiff **Arnold J. Harris**, is and was at all times, mentioned is a prisoner of the state of Pennsylvania, in the custody of the Pennsylvania Department of Corrections. He is currently confined in Pennsylvania State Prison in Huntingdon which is located in the state of Pennsylvania.

### DEFENDANTS

4. Defendant, **K. Kauffman**, is the Superintendent of Huntingdon State Prison, in Huntingdon, Pennsylvania. Upon information & belief, he is responsible for the operation of the facility, and also the welfare of the inmates who are incarcerated within the facility.

5. Defendant **G. Ralston**, is the Unit Manager of Huntingdon State Prison, in Huntingdon, Pennsylvania. Upon information & belief, he is responsible for the operation of the facility, and also the welfare of the inmates who are incarcerated within the facility.

## V. RELIEF

    a) **Wherefore,** *Plaintiff, Arnold J. Harris,* #LD-5834, prays that the court enters judgment granting *Plaintiff Harris* a declaration that the acts and omission described herein *violate* his rights under the *Constitution of the laws* of the *United States,* and

    b) Granting *Plaintiff Harris* compensatory damage in the amount of **$100,000** against each defendant *jointly* and *severally*, for *pain* and *suffering* as well as *emotional* and *physical distress*.

    c) The *defendants* were very much made aware of *Plaintiff's* **hypertension** and **asthma** by the complaints which were made verbally to staff officers, and the complaints made during the grievance process and to the *Unit Manager*.

    d) **However,** *Plaintiff* was never removed from his cell to a *smoke-free environment,* nor was his cellmate prevented from smoking inside the cell.

    e) The staff at *SCI-Huntingdon* never enforced the **"no smoking"** policy, which constitutes *cruel* and *unusual punishment* in violation of the *Eighth Amendment* of the *United States Constitution*, and the *"Clean Air"* Act. *Plaintiff Harris* suffered from: **headaches, difficulty breathing, chest pain, teary eyes, sore throat, coughing, dizziness and production of sputum**.

    f) Plaintiff Harris **prays** for a jury trial, on all issues, triable by a jury.

## VI FACTS

6) On **March 20th 2014,** *Plaintiff Arnold J. Harris,* #LD-5834, was transferred to *Huntingdon State Prison, in Huntingdon, Pennsylvania.*

7) *Plaintiff Harris* was housed with a non-smoker named *Paul Drayton,* #EA-0695 on block CA, cell 2002, until *Plaintiff's* status changed causing him to be moved to a lower tier, with bottom-bunk, bottom-tier status, on **July 22nd 2014,**

8) *Plaintiff Harris* was then housed with a heavy smoker in cell 1011, on the bottom tier, because he was diagnosed with a **inguinal hernia.**

9) In **July 22nd 2014,** to the present day, *Plaintiff Harris* was housed with various smokers until he and his cellmate were moved to single cells on block-B, from **August** until **October of 2014**, while their cell was being painted and repaired.

10) In **October of 2014,** Plaintiff was moved back to CA-block with the same heavy smoking cellmate as before the move, to cell 1036

11) After many complaints, due to Plaintiff's respiratory illnesses, Plaintiff was never moved to a smoke-free environment because of his cellmates smoking inside of the cell.

12) On **November 3rd 2016,** Plaintiff wrote request to Unit Manager Ralston, complaining about his cellmate smoking inside the cell. Plaintiff suffered an asthma attack the previous day because of cellmate would not stop smoking. (*refer to* **Exhibit 1**)

13  On **January 24th 2018,** Plaintiff wrote another request to Unit Manager Ralston, Complaining about his cellmate smoking inside the cell. Plaintiff Harris had to be transported to medical by wheelchair for emergency breathing treatment, due to cellmates smoking inside the cell. Plaintiff received no response from Unit Manager. (*refer to* **Exhibit 2**)

14) On **February 14th 2018,** at 11:14 a.m., Plaintiff Harris wrote request to Kauffman, because he needed emergency breathing treatment from medical, due to the second-hand smoke coming into his cell from neighbors cell. Plaintiff Harris requested to be transferred to a smoke-free facility. (*refer to* **Exhibit 3**)

15) On **February 15th 2018,** Superintendent Kauffman responded to Plaintiff's request, stating that he must wait for response from grievance. (*refer to* **Exhibit 3**)

16) On **February 26th 2018,** Plaintiff Harris wrote another request again, complaining to Superintendent Kauffman, because Plaintiff experienced another asthma attack on the way to medical, that required breathing treatment. (*refer to* **Exhibit 4**)

17) On **February 27th 2018,** Kauffman responded to Plaintiff's request by stating that he would forward Plaintiff's concerns to Unit Manager, Ralston. (refer to Exhibit 4)

18) On **February 26th 2018,** Plaintiff Harris requested to Unit Manager, Ralston, for a second time, to be transferred to a smoke-free facility. (*refer to* **Exhibit 5**)

19) On **February 27th 2018,** Ralston replied and stated that he was transferring Plaintiff to another unit which has windows in the cell. (*refer to* **Exhibit 6**)

20) On **March 5th 2018,** Plaintiff Harris received response from his grievance, written by Unit Manager, Ralston, stating that he spoke to the medical Department, Paula Price, Healthcare Administrator, attempting to facilitate a possible transfer for Harris. (*refer to* **Exhibit 6**)

4

21) On *March 6th 2018,* Plaintiff Harris wrote request to Paula Price, in Medical, requesting to be transferred to a smoke-free facility. (*refer to* **Exhibit 8**)

22) On *March 8th 2018,* Debra Kos, R.N.S., replied to Plaintiff's request, stating that "Medical Department has nothing to do with transfers, you have to follow up with your Unit Manager." (*refer to* **Exhibit 8**)

23) On *March 21st 2018,* Superintendent Kauffman, stated in his reply to Plaintiff's grievance that, "staff must catch inmates in the act of smoking, which is nearly impossible to do." Kauffman also stated that: "medical is attempting to transfer Plaintiff to a smoke-free facility. Grievance is found to be without merit." (*refer to* **Exhibit 7**)

24) On *March 22nd 2018,* Plaintiff Harris wrote a request to Superintendent Kauffman in reference to how he and Ralston had lied about medical, possibly transferring Plaintiff to a smoke-free facility. Plaintiff Harris have been hearing that line for *two (2) years*, and still have not been transferred. Medical has even responded by saying, as per Registered Nurse, Debra Kos, *"medical has nothing to do with transfers."* (*refer to* **Exhibit 8**)

25) On *April 3rd 2018,* Kauffman responded to Plaintiff's request by reiterating that Plaintiff don't meet the criteria for a transfer, due to his custody level. (*refer to* **Exhibit 9**)

26) On *April 23rd 2018,* Plaintiff received a response from the Office of Inmate's Final Appeal, also stating that: "medical is attempting to transfer Plaintiff to a smoke-free facility." And, "Plaintiff have not provided any evidence to substantiate his claim." (*refer to* **Exhibit 10**)

### VII Legal Claim

27) Plaintiff re-allege and incorporate by reference **paragraph 1 – 26**

28) Plaintiff was exposed to excessive levels of environmental tobacco smoke, against his will, by habitual smoking cellmates who constantly smoked cigarettes on a daily basis.

29) <u>Sheperd v. Hogan,</u> **No. 04 – 4047 pr. 2006 U.S. App LEXIS 12477, at \*4 (2d Cir. 2006)** – holding that a prisoner sharing a room with a chain-smoker for a month, a situation that was inappropriate under prison procedures, and which prison grievance committee condemned, was sufficient grounds, for a reasonable jury to find Constitutional violations.

30) **Helling v. McKinney**, 509 U.S. 25, 33-37, 113 S. ct. 2480 – 82, 125 L, ed 2d 22, 32-33 (1993) – holding that a prisoner whose cellmate smokes constantly on a daily basis, could have a cognizable claim under the **Eighth Amendment**, and that the subjective element of the claim, *(deliberate indifference)* should be evaluated in light of prison policies on smoking.

31) Plaintiff's grievance was rejected by Chief Grievance Officer, Dorina Varner, by stating: *"medical is attempting to transfer Plaintiff to a smoke-free facility, as per Paula Price, Healthcare Administrator,"* but Plaintiff Harris wrote to the medical dept. and found out that: *"medical has nothing to do with transferring inmates."* (refer to **Exhibit 8**)

32) By the *deliberate indifference* of both defendants, Kauffman and Ralston, which are responsible for exposing Plaintiff to dangerous levels of environmental tobacco smoke, against his will, and by not moving Plaintiff to a smoke-free facility, acted with deliberate indifference, to Plaintiff's *serious medical needs*, constitutes *"unnecessary and wanton infliction of pain,"* also *"cruel and unusual punishment,"* under the **Eighth Amendment of the United States Constitution.**

33) Defendant Kauffman, acted with *deliberate indifference* to Plaintiff's serious medical needs, by not transferring Plaintiff to a smoke-free facility, when Plaintiff Harris informed defendant Kauffman about his *asthma, hypertension, shortness of breath,* and *C.O.P.D.,* and Kauffman repeatedly forwarding Plaintiff's requests to defendant Ralston, constantly ignoring Plaintiff Harris' cries for help.

34) Defendant Ralston acted with *deliberate indifference* to Plaintiff's serious medical needs, by not transferring Plaintiff to a smoke-free facility, when Plaintiff Harris repeatedly asked to be transferred, and defendant Ralston repeatedly ignored Plaintiff's request, as he continued to suffer, and then was diagnosed with *C.O.P.D.* in **September of 2016,** which is considered irreversible.

35) Each defendant acted under the *color of state law.*

## VIII Conclusion

36) The conduct of the defendants deprived Plaintiff of a *right, privilege* and *immunity* guaranteed by the **United States Constitution.**

37) By the *deliberate indifference* of the defendant, Plaintiff Harris was *forced to inhale* environmental tobacco smoke against his will, by chain-smoking inmates, who would not stop smoking inside the cell.

38) The defendants **refuse** to enforce the **"no smoking"** policy which amounts to an unreasonable risk of serious harm, in violation of the **Eighth Amendment.** Defendants stated in grievance response that: *"in order to enforce the rules, staff have to catch the inmates in the act of smoking, which is nearly impossible to do,"* which is an admission of guilt, and they don't even try, because they *(themselves)*, smoke on the block at **SCI-Huntingdon.** (refer to **Exhibit 6** and **Exhibit 7**)

39) For this reason, the *motion to dismiss* my case should be denied, and the defendants *qualified immunity* should be dismissed.

40) Plaintiff Harris takes breathing treatment **four (4) times daily,** and has repeatedly complained of his **asthma, hypertension, shortness of breath,** and **C.O.P.D.,** due to the *high levels* of **ETS,** but Plaintiff Harris was never transferred to a *smoke-free facility,* and was told that he soon would be.

41) On **February 15th 2018,** Plaintiff personally spoke with defendant Kauffman, while passing him in the hall, on his way to lunch. Plaintiff had asked Kauffman: *"what was he going to do about the smoking inside of the facility, and when was Plaintiff Harris going to be transferred to a smoke-free facility?"*

42) On **February 27th 2018,** and **May 31st 2018,** Plaintiff Harris, personally spoke with defendant Ralston, about the *"smoking inside this facility, and asked when was Plaintiff Harris going to be transferred to a smoke-free facility?"*

**I declare under penalty of perjury, that the forgoing is true and correct.**

Signed this 30 day of June, 2018

**Arnold Joseph Harris** *(Plaintiff)*

Dated: 6-30-18

aj harris

# EXHIBITS 1 – 10

## FOR

## ARNOLD J. HARRIS V. KAUFFMAN & RALSTON

Civil Action Number _____

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| 1. To: (Name and Title of Officer)<br>Mr. Rolston Unit Manager | 2. Date:<br>11-3-16 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LA-5834<br>aj harris<br>Inmate Signature | 4. Counselor's Name<br>Mr. Stratton<br>5. Unit Manager's Name<br>Mr. Rolston |
| 6. Work Assignment | 7. Housing Assignment<br>block- CA Cell- 1033 |

8. Subject: State your request completely but briefly. Give details.

I'm asthmatic with hypertension, not to mention other serious illnesses that I'm fighting in this facility. I have bottom-bunk bottom-tier status as a result of my medical condition.

I have a cellmate who will not respect my wishes and not smoke in the cell.

On 11-2-16, at 6:00pm, I was forced to go to medical due to my asthma. I recieved breathing treatment by Ann Hoffmaster R.N. in which she also told me to tell my counselor, and she also called my block to inform the Sgt. on the block at that time, who was Sgt. Corley. I spoke to Sgt. Corley and he stated that they will try to get this inmate (Dunbar MN-7556) out of my cell by the weekend. I'm also going to speak to the white shirts to let them know the problem I'm facing. I currently have a civil action law-suit in the district court for non-enforcement of the smoking policy. I will not be forced to the inhalation of environmental tobacco smoke.

9. Response: (This Section for Staff Response Only)

No Response

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                       Print                    Sign

Revised July 2000

**Exhibit 1**



| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>_1st request_ | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>G. Ralston - Unit Manager | 2. Date:<br>1-24-18 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LD-5834<br>_aj harris_<br>Inmate Signature | 4. Counselor's Name<br><br>5. Unit Manager's Name<br>G. Ralston |
| 6. Work Assignment | 7. Housing Assignment |

8. Subject: State your request completely but briefly. Give details.

On 1-23-18, an inmate who constantly smokes in my cell, (Dagwood → HU-3433) was moved into my cell (168). I asked him several times not to smoke and to please respect my wishes, but he refuses to stop. I notified the 2nd shift block officer about this issue and I'm informing you.

A carbon copy of this request to staff has been sent to the District Court as well to show that the "No Smoking" policy is not enforced.

CC: ajh

9. Response: (This Section for Staff Response Only)

No Response

To DC-14 CAR only ☐    To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ / _____ Date _____
                     Print              Sign

Revised July 2000

**Exhibit 2**



**108**

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) K. Kauffman - Superintendent
2. Date: 2-14-18
3. By: (Print Inmate Name and Number) Arnold J. Harris LD-5834
   *aj harris* — Inmate Signature
4. Counselor's Name: Mr. Stratton
5. Unit Manager's Name: G. Ralston
6. Work Assignment:
7. Housing Assignment: Block - CA Cell - 108

8. Subject: State your request completely but briefly. Give details.

On 2-11-18, at 11:14am, I had to go to medical for emergency breathing treatment due to my asthma & COPD, then I was escorted to medical in the mid-afternoon from an asthma attack, which was brought on from the second-hand smoke that has plagued CA Block. I take breathing treatment in the morning at 7:00am and in the evening a 6:00pm treatment, but lately, I have been having problems breathing due to the second-hand smoke coming from the neighboring cells, from the inmates who defy the smoking policy. I want to be transferred to SCI Chester where there aren't any tobacco products due to my failing health. If I'm not transferred soon, I will get a court order injunction to have the court move me.

9. Response: (This Section for Staff Response Only)

You must wait for the Grievance Response.

To DC-14 CAR only ☐    To DC-14 CAR and DC-15 IRS ☐    Re: 720808

Staff Member Name _____ / _____ Date 2-15-18

Revised July 2000

**Exhibit 3**

(6)

108

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| 2nd Request | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| 1. To: (Name and Title of Officer)<br>K. Kauffman - Superintendent | 2. Date:<br>2-26-18 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LA-5834<br>aj harris<br>Inmate Signature | 4. Counselor's Name<br>Stratton |
|  | 5. Unit Manager's Name<br>G. Ralston |
| 6. Work Assignment | 7. Housing Assignment<br>block-CA  Cell-108 |

8. Subject: State your request completely but briefly. Give details.

On 2-24-18, on my way to A.M. breathing treatment, I experienced another asthma attack from second-hand smoke on block-B. Another inmate helped escort me to medical. I'm currently on breathing treatment 3x daily, and I use 2 types of inhalers.

I currently have 15 months to max-out. I need to get out of this prison to do my remaining time in SCI-Chester, where there are no tobacco products.

I wrote Ralston, the Unit manager, several times, but he just refuses to answer any of my requests, so I'm appealing to you for some answers. I'm notifying my attorneys to let them know the suffering that I'm going through, then I'm adding you and Ralston to my civil action Law Suit for the non-enforcement of the "No Smoking" policy.

9. Response: (This Section for Staff Response Only)

I am forwarding your concerns to your CCI.

CC: UM Ralston

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ / _____ Date 2·27·18
                    Print              Sign

Revised July 2000

**Exhibit 4**

EA

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER**<br>cc: ajh Second Request | Commonwealth of Pennsylvania<br>Department of Corrections<br>**INSTRUCTIONS**<br>Complete items number ... or ... you follow instructions in preparing your request ... it ... responded to more promptly and intelligently |
|---|---|
| 1. To: (Name and Title of Officer)<br>G. Ralston - Unit Manager | 2. Date:<br>2-26-18 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LD-5834<br>aj harris<br>Inmate Signature | 4. Counselor's Name<br><br>5. Unit Manager's Name<br>G. Ralston |
| 6. Work Assignment | 7. Housing Assignment<br>block-CA Cell-108 |

8. Subject: State your request completely but briefly. Give details.

This is a Second Request to you to be transfered to SCI-Chester due to my failing health, triggered by second-hand smoke.
 On 2-24-18, at 8:10 am, on my way to breathing treatment, I experienced another asthma attack, triggered by the second-hand smoke, and I had to be escorted to medical. I really didn't expect you to reply to my request, which is why I have copies, which were sent to Kauffman. I seriously think that you are incapable of your position as Unit manager, and should be replaced.
 IF the process is not initiated soon, I will have my attorneys get a Court Order injunction and move me out of this prison to a facility that does not sell tobacco products.

**Response (This Section for Staff Response Only)**

Mr. Harris I did not receive "the First" request slip you say you sent. However I have contacted the Unit Manager of another housing unit. That has windows in the cells, I am attempting to move you there. Please be patient it may take a few days.

| To DC-14 CAR only ☒ | To DC-14 CAR and DC-15 IRS ☒ |

Staff Member Name  G Ralston UM  /  [signature]  Date 2/27/18
                    Print                    Sign

Revised July 2000                                           **Exhibit 5**

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
## 1100 Pike St.
## Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name | Harris | Inmate Number | LD5834 |
|---|---|---|---|
| Facility | HUN | Unit Location | EA-Unit |
| Grievance # | 720808 | Grievance Date | 3/5/2018 |

**Decision:**
☐ Uphold Inmate
☒ Grievance Denied
☐ Uphold in Part/Deny in Part

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**

I have received and read grievance 720808, in the grievance you claim that you have problems breathing due to asthma and second hand smoke on the housing unit. I have spoken to you before about this and have assigned you a cellmate who vehemently denies smoking in the cell, you have also stated many times your cellmate does not smoke. You have filed grievances in the past relating to this same issue. I have informed you that the only way Staff can report and discipline inmates that break the no smoking laws and rules, is to catch them in the act. This is nearly impossible to do. You make a request in the grievance to be transferred to SCI Chester or a tobacco free facility. You do not qualify for an Incentive based transfer per custody level and program refusal. I have spoken to the Medical department and MS Price is attempting to facilitate a possible transfer. For the time being, as a remedy to this grievance you have been moved to EA unit and housed with a nonsmoker. On this unit you will have a window for ventilation that you and your cellmate can utilize for fresh air. I have attempted to assist you in the past ensuring you have had a nonsmoker as a cellmate, I have moved you to areas of the unit that has more air circulating and have now moved to an entirely different housing unit. For the above cited reasons grievance 720808 and all requests for relief are denied. I encourage you to work with the unit Staff on EA unit if you have concerns in the future.

| Signature: | *[signature]* |
|---|---|
| Title: | UM |
| Date: | 3/5/18 |

cc: Superintendent
DC-15
File

**Exhibit 6**

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 - Grievances & Initial Review*                Attachment 1-D
Issued: 12/1/2010
Effective: 12/8/2010

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review includes your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Arnold Harris | Inmate Number: | LD5834 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | EA-Unit |
| Grievance #: | 720808 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** Frivolous

In reviewing your grievance and appeal, I note that your concern with smoking was appropriately addressed by Mr. Ralston. In your appeal, you state you have been complaining about the second-hand smoke on CA-Unit for years, but no one does anything about it. You feel this is a life and death matter, and you need to be transferred to a smoke-free facility. In his response to your initial grievance, Mr. Ralston explains that he has discussed these claims with you in the past. In order to address them, he has made every effort to ensure you have a non-smoking cellmate and moved you to different areas of the unit. He has explained that staff must catch inmates in the act of smoking which is nearly impossible to do. When an inmate smoking is discovered, discipline is initiated. An attempt is being made by the Medical Department to transfer you to a smoke-free facility. In the meantime, Mr. Ralston moved you to EA-Unit where you have a window in your cell. It is apparent staff are not ignoring your concerns and have made every attempt to work with you. Your request for a transfer to SCI-Chester is denied.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 3-21-18 |

cc: DC-15
    File

**Exhibit 7**

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 - Appeals*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Paula Price, - H/C Administrator | 2. Date:<br>3-6-18 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LA-5834<br><br>_aj harris_<br>Inmate Signature | 4. Counselor's Name<br>Stratton<br>5. Unit Manager's Name<br>G. Ralston |
| 6. Work Assignment | 7. Housing Assignment<br>block - 8A Cell - 1017 |

8. Subject: State your request completely but briefly. Give details.

Unit Manager Ralston moved me to block-8A, thinking that it would alleviate my asthma attacks, but he is very wrong. I'm still having attacks due to the second-hand tobacco smoke coming from neighboring cells, of inmates who defy the rules and smoke in their cell. I have 14 months left to max out, and I want to do that time in a facility that don't sell tobacco products, such as SCI-Chester. But Ralston stated that due to my custody level 3, I don't qualify for an incentive based transfer. He is letting my custody level judge a life-threatening situation, which is detrimental to my health. He also stated that you are attempting to facilitate a possible transfer for me.
Please move me out of this prison to one that does not sell tobacco products before it's too late.

9. Response: (This Section for Staff Response Only)

Mr Harris
    I am sorry but have nothing to do with transfers. You will have to continue to follow up with your unit manager.

                                SORRY!

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name DEBRA KOS / _Karen_ Date 3-8-18
                    Print                         Sign

Revised July 2000

**Exhibit 8**

(10)

117

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| 1. To: (Name and Title of Officer)<br>K. Kauffman - Superintendent | 2. Date: 3-22-18 |
| 3. By: (Print Inmate Name and Number)<br>Arnold J. Harris LD-5834<br>aj harris<br>Inmate Signature | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment<br>block EA cell-1017 |

8. Subject: State your request completely but briefly. Give details.

Ralston has stated that I do not qualify for a transfer per custody level and program refusal. What program refusal? Then he goes on to state that medical is attempting to facilitate a possible transfer.

I spoke to Debra Kos, RNS, in medical and she has stated that medical has nothing to do with transfers. So either you and/or Ralston is lying to me.

I am sick & tired of getting spun around in circles. I will be filing a civil action suit against you, and Ralston for civil rights violation at the conclusion of my administrative remedies.

9. Response: (This Section for Staff Response Only)

I was and have been in contact with Ms. Price CHCA to see if there is a rationale to transfer you medically.

You have been moved to a unit where you can control the amount of fresh air in your confined cell.

You do not meet the criteria for inmate based transfer because you are refusing SOP and are a CL 3. This has been explained to you.

To DC-14 CAR only ☒     To DC-14 CAR and DC-15 IRS ☒

Staff Member Name _____ / _____ Date 4/3/18
                   Print              Sign

Revised July 2000

**Exhibit 9**

2018

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Arnold Harris | Inmate Number: | LD5834 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 720808 | | |
| Publication (if applicable): | | | |

| Decision: | ☒ Uphold Response (UR)<br>☐ Uphold Inmate (UI)<br>☐ Uphold in part/Deny in part |
|---|---|

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:** *Frivolous*

You claim in your grievance that you have problems breathing due to having asthma and being exposed to second hand smoke. An investigation was conducted regarding your allegations. The record reflects that UM Ralston states that he discussed this issue with you several times. The record reflects that he has moved you to different areas of the unit and gave you a non-smoking cellmate. The record reflects that if inmates are caught smoking, they will be dealt with accordingly. The record reflects that the medical department is attempting to transfer you to a smoke-free facility. The record reflects that you have been moved to E Unit where you have a window. It appears that staff are attempting to address your issues. You have failed to provide any evidence to substantiate your claims.

| Signature: | Dorina Varner /s/ Dorina Varner |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 4/23/18 |

DLV

cc:  DC-15/Superintendent Kauffman
     Grievance Office

*DC-ADM 804, Inmate Grievance System Procedures Manual*
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 2-F



Exhibit 10



Arnold Hou[...]
1100
Huntingdon [PA] 16654

Legal Mail

